PER CURIAM.
We treat this petition for habeas corpus as an appeal under section 39.413(1), Florida Statutes (1991), see Patterson v. Department of Health and Rehabilitative Services, 548 So.2d 1200 (Fla. 3d DCA 1989), and reverse.[1]
This is an appeal from a detention order placing appellant’s infant daughter in temporary shelter care through the Department of Health and Rehabilitative Services. At the detention hearing, which lasted less than five minutes, the judge swore in the representative of the Department who testified that, the allegations of the petition were true to the best of her knowledge. Those allegations simply alleged that the minor child was in imminent danger as a result of numerous episodes of domestic violence between her parents as well as her mother’s failure to take psychotropic medication necessary for stabilization. The petition does not reveal the source of that information. Nothing further was provided at the hearing. Petitioner’s attorney disputed the allegations, suggested alternative methods to prevent the child from becoming involved in domestic violence, such as the issuance of a restraining order against the husband, and requested to have her client testify. Without anything more than the above, the judge signed the order for temporary shelter.
Florida Rule of Juvenile Procedure 8.305(b) allows an informal hearing to determine the existence of probable cause to believe the child is dependent. That section requires applying the standard of proof necessary for an arrest warrant for procurance of the order. Rule 8.305(b)(3). The statements in the petition, made not on personal knowledge but “knowledge and belief’ and without stating in any manner the specific facts or the source of the information supplied are patently insufficient to amount to probable cause at the detention hearing.
Furthermore, there was no consideration or even testimony regarding any efforts which HRS had made to demonstrate to the court that it had made a reasonable effort to prevent or eliminate the need for removal of the child from her home, as required by section 39.402, Florida Statutes. This it must do by more than the mere pre-printed statement in the petition that it had made such efforts, particularly when the allegation is challenged at the detention hearing, as it was in this case.
For these reasons, we reverse the order of the trial court and remand with direction that the child be discharged from HRS custody, without prejudice to appellee’s right to proceed with the dependency petition filed in this case.
WARNER, FARMER and KLEIN, JJ., concur.

. We also substitute The Department of Health and Rehabilitative Services as the appellee in this cause and correct the style of this case accordingly.